IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE SMARTALK TELESERVICES, INC.,
SECURITIES LITIGATION

This document relates to:
USDC Northern District of Texas Case
No. 3:00-CV-2671-M (Liquidating Trustee)

Case No. 2:00-MD-1315
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

### OPINION AND ORDER #5

This matter is before the Court for consideration of the Motion of the Plaintiff Liquidating Trustee for Sanctions as a result of Defendant PricewaterhouseCoopers, LLP's alleged Spoliation of Evidence. (Doc. #354). For the reasons that follow, the motion is denied without prejudice to renewal.

### I.

The Trustee seeks the imposition of sanctions against PwC for its alleged spoliation of evidence in this case. According to the Trustee, PwC knowingly destroyed or discarded audit workpapers and e-mails relevant to this case after it became aware that litigation involving SmarTalk was likely. The Trustee claims that it has been hampered in addressing its claim of shortcomings of the audit process because of the alleged destruction of documents. The Trustee also claims that there are issues of proof that are inextricably linked to the document destruction.

According to the Trustee, employees throughout the hierarchy of PwC were involved in the alleged destruction and alteration of documents. The Trustee claims that, by July 1998, PwC

anticipated litigation with SmarTalk concerning a $1 million account receivable, as well as litigation concerning the restatement of financials. The Trustee asserts that various documents were discarded from late July to early August 1998. With respect to the issues to be tried in this case, the Trustee argues that the inability to review the audit file in its original state negatively impacts its claims. In particular, the Trustee contends that PwC uses the allegedly modified audit file to contest the Trustee's allegations that PwC's audit did not conform to Generally Accepted Accounting Standards ["GAAS"] and that SmarTalk's financial statements did not comply with Generally Accepted Accounting Principles ["GAAP"].

In response, PwC does not dispute that it discarded some documents from the audit file from the end of July to early August 1998. PwC claims, however, that the documents were not properly part of the workpapers for its audit of SmarTalk[1]. PwC also disputes the allegation that it was aware of probable litigation concerning SmarTalk during this timeframe.

## II.

"Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction." *Beck v. Haik*, 377 F.2d 624, 641 (6th Cir.2004). The rules that apply to alleged spoliation of evidence and the appropriate sanctions are defined by state law. *Id.; Nationwide Mutual Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999). The parties agree that, for purposes of resolving the instant motion, this Court should apply Ohio law on claims for alleged spoliation of evidence.

---

[1] In particular, the discarded items included drafts, superseded documents, e-mails and client documents which PwC claims were not properly included in the audit file. (*Cichurski Depo.* at 65-67; *Ford Depo.* at 136-37; *Bryce Depo.* at 214-215).

2

In Ohio, spoliation of evidence is recognized as an independent tort cause of action. The elements for the cause of action are as follows:

> (1) there is a pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that the litigation exists or is probable; (3) willful destruction of the evidence by the defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's actions. A claim for spoliation of evidence may be brought at the same time as the primary action.

*Gliatta v. Tectum, Inc.*, 211 F.Supp.2d 992, 1011 (S.D. Ohio 2002) (Sargus, J.), citing *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993). Although the Plaintiff Trustee is not pursuing an independent cause of action for spoliation of evidence, under Ohio law, the foregoing elements are instructive in considering whether the imposition of sanctions is proper. *See Najib v. Meridian Medical Technologies, Inc.*, 448 F.Supp.2d 880, 883 (S.D. Ohio 2006) (Frost, J.).

When sanctions are sought for spoliation of evidence, Ohio courts follow a policy of imposing the least severe sanction "or at least a sanction short of outright dismissal of the action with prejudice, unless the . . . conduct evidences bad faith." *Transamerica Ins. Group v. Maytag, Inc.*, 650 N.E.2d 169, 171 (Ohio App. Summit Co. 1994) (citation omitted). In this regard, one Ohio appellate court recently held as follows:

> The proponent must first establish that: (1) the evidence is relevant; (2) that the offending party's expert had an opportunity to examine the unaltered evidence; and (3) that, even though the offending party was put on notice of impending litigation, this evidence was intentionally or negligently destroyed or altered without providing an opportunity for inspection by the proponent. *Cincinnati Ins. Co. v. General Motors Corp.*, 1994 WL 590566 (Ohio App. October 28, 1994), citing *Hirsch v. General Motors Corp.*, 628 A.2d 1108, 1118 (N. J. Super. L. 1993).

If the court finds that relevant evidence was, indeed, destroyed, then the court has

> the power to fashion a just remedy. *American States Ins. Co. v. Tokai-Seiki*, 94 Ohio Misc.2d 172, 175 (1997) (citations omitted).
>
> Even if the court finds the evidence was not deliberately destroyed, "negligent or inadvertent destruction of evidence is sufficient to trigger sanctions where the opposing party is disadvantaged by the loss." *Id.* at 176, citing *Farley Metals, Inc. v. Barber Collman Co.*, 645 N.E. 2d 964, 968 (Ill. App. 1994). "The intent of the spoliator in destroying or altering evidence can be inferred from the surrounding circumstances. In other words, intent can be inferred from the fact that the evidence was destroyed prior to the commencement of any litigation against the defendant and where there is only a potential for litigation. Therefore, the spoliator is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Cincinnati* at *9, citing *Hirsch* at 1130.
>
> Furthermore, "where the loss of evidence is belated, a court should not dwell on intent but, rather, focus on the importance of information legitimately sought and which is unavailable as a result of the destruction of evidence." *American States Ins. Co.* at 176.
>
> The court must balance "the intent of the offending party, the level of prejudice, and the reasonableness of the offending party's action in fashioning a just remedy. The relative importance of the information denied the opposing party bears directly on the reasonableness of the offending party's action and the resulting prejudice." *Id.*
>
> If the court does find that spoliation of evidence did occur because the offending party failed to preserve the evidence, then "the court must impose a sanction that is proportionate to the seriousness of the infraction under the facts of this particular case." *Id.*

*Simeone v. Girard City Bd. of Educ.*, 2007 WL 1113196 at * 9-10 (Ohio App. Trumbull Co. April 13, 2007).

In the case at bar, the Plaintiff Trustee seeks default judgment against PwC for its alleged spoliation of evidence. In the alternative, the Trustee seeks to preclude PwC from offering expert accounting testimony or reports based on the purported "revised" audit file. According to the Trustee, "[s]ince PwC cannot place the file back in its unspoiled condition, it should not be allowed to have its experts offer opinions based on the corrupted version of the file." (*Motion* at

4

35). If unsuccessful in obtaining this sanction, the Trustee seeks an adverse evidentiary inference that the allegedly destroyed documents would have been damaging to PwC[2]. (*Id.*).

The Court concludes that the appropriate sanction, if any, is best left for resolution by the trial court. The Court reaches this conclusion because the record contains genuine issues of material fact as to whether spoliation of evidence occurred. PwC concedes that certain documents were discarded but argues that the papers were not properly part of the audit file. PwC further contends that, at the time the documents were discarded it was unaware of the possibility of litigation involving SmarTalk. The Trustee disputes these contentions and argues that PwC was aware of litigation with SmarTalk at the time the documents were destroyed. In view of the dispute on this fundamental issue, it is impossible at this juncture for the Court to make a definitive ruling as to whether PwC should be sanctioned for alleged spoliation of evidence. Thus, the Trustee's motion is denied without prejudice to renewal before the trial court.

---

[2] The Court notes that, in its reply brief, the Trustee argues that PwC's settlement of an administrative action with the Securities and Exchange Commission supports its argument for spoliation of evidence. PwC objects to the Trustee's reliance on the SEC settlement and moves to strike materials cited by the Trustee in reliance of its position. For the reasons stated above, the Court concludes that genuine issues of material fact exist as to the issue of spoliation. The extent to which evidence of the SEC settlement is pertinent to the issue of spoliation is a matter which shall be left for consideration by the trial court.

### III.

The Motion of the Plaintiff Liquidating Trustee for Sanctions as a result of Defendant PricewaterhouseCoopers, LLP's alleged Spoliation of Evidence (**Doc. #354**) is **DENIED without prejudice to renewal**. PwC's Motion to Strike Materials cited in the Trustee's Reply Brief (**Doc. #380**) is also **DENIED without prejudice to renewal**.

**IT IS SO ORDERED.**

5-21-2007
**DATE**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE